**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

OSVALDO SANCHEZ CASABONA,

Petitioner,

v.

Case No. 2:26-cv-03199-MIS-JFR

WARDEN, Otero County Processing Center; MARKWAYNE MULLIN, in his official capacity as Secretary, U.S. Department of Homeland Security; DAVID J. VENTURELLA, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; MARY DE ANDA-YBARRA, in her official capacity as Field Office Director, El Paso Field Office, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; and TODD BLANCHE, in his official capacity as Attorney General of the United States,

Respondents.

**ORDER GRANTING SECOND PETITION FOR A WRIT OF HABEAS CORPUS**

THIS MATTER is before the Court on Petitioner Osvaldo Sanchez Casabona's pro se Second Petition for a Writ of Habeas Corpus ("Petition"), ECF No. 1, filed September 25, 2026. Petitioner is a citizen of Cuba who entered the United States in October 2009. Id. ¶¶ 17-18. He is subject to a final order of removal entered November 21, 2012. Id. ¶¶ 19-20. From 2012 to March 2026, Petitioner lived openly in the United States, worked, paid taxes, supported his family, and established businesses. Id. ¶¶ 21-22. Nevertheless, on March 18, 2026, U.S. Immigration and Customs Enforcement officers arrested Petitioner as he was preparing to board an airplane in Florida. Id. ¶ 24. He has been in immigration detention ever since, and is currently detained at the Otero County Processing Center in Chapparal, New Mexico. Id. ¶¶ 7, 27. He argues that his

prolonged detention violates the Immigration and Nationality Act ("INA") for the reasons espoused in Zadvydas v. Davis, 533 U.S. 678 (2001), id. ¶¶ 43-48, and the Fifth Amendment's Due Process clause, id. ¶¶ 49-53. He seeks immediate conditional release. Id. ¶ 48.

On September 24, 2026, the Court issued an Order to Show Cause and Enjoining Transfer, instructing Respondents to show cause why the Court should not grant Petitioner habeas relief. ECF No. 4. The Court specifically ordered Respondents to "specify whether the Court has already ruled on the legal issue(s) in this case and whether the holding in Zadvydas v. Davis, 533 U.S. 678 (2001) requires relief."

On October 9, 2026, the federal Respondents filed a Response to the Petition.[1] ECF No. 7. Therein, they state:

> For purposes of this specific case, Respondents are not submitting a factual Declaration or legal brief in opposition to the Petition. Respondents recognize that the Court may then decide to grant the Petition and award appropriate relief. Respondents submit that if the Court does grant the Petition, the appropriate relief would be an order directing Petitioner's release on conditions to be set by the Department of Homeland Security.

Id. at 1 (citations omitted).

"Where, as here, 'a party files a response to a motion but does not address all arguments which the motion raises, the party has effectively conceded the arguments which it does not address.'" Alfaro Herrera v. Baltazar, Civil Action No. 1:25-cv-04014-CNS, 2026 WL 91470, at *5 (D. Colo. Jan. 13, 2026) (quoting Series 17-03-615 v. Teva Pharms. USA, Inc., 785 F. Supp. 3d 904, 935 (D. Kan. 2025)); see also C1.G on behalf of C.G. v. Siegfried, 38 F.4th 1270, 1282 (10th Cir. 2022) (holding that the district court correctly dismissed plaintiff's facial challenge as

[1] The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26 mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026). ECF No. 3. However, as has become customary in these cases, the Warden did not respond to the Petition.

"abandoned" where plaintiff failed to include that challenge in his response to arguments raised in defendant's motion to dismiss). Accordingly, the Court finds that Respondents' non-opposition to the Petition constitutes a concession to Petitioner's allegations that he has been detained in excess of six months since his removal order became administratively final, that Respondents have not secured arrangements to remove Petitioner from the United States, and that his continued detention violates the INA and the Fifth Amendment's Due Process clause.

Generally, "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days[.]" 8 U.S.C. § 1231(a)(1)(A). Under 8 U.S.C. § 1231(a)(6), the Attorney General may detain certain noncitizens beyond the ninety-day "removal period" following entry of a final order of removal. However, the statute implicitly "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. It does not permit indefinite detention." Zadvydas, 533 U.S. at 689. In Zadvydas, the Supreme Court established a presumptively reasonable six-month period of detention. Id. at 701. After that period, if the petitioner "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Id.; see also Clark v. Martinez, 543 U.S. 371, 377-78 (2005). Although the government's authority to detain noncitizens serves important immigration enforcement purposes, that authority "is subject to important constitutional limitations" and may not continue "once removal is no longer reasonably foreseeable." Zadvydas, 533 U.S. at 695, 699.

Accordingly, the Court finds that the presumptively reasonable six-month-period of confinement has expired, Petitioner has provided good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, and the Government has failed to

present any evidence to rebut that showing. See generally ECF No. 7. As such, the Court further finds that Petitioner's continued, indefinite detention violates the Immigration and Nationality Act, Zadvydas, 533 U.S. at 699, and the Fifth Amendment's Due Process Clause, Mardanpour v. Warden, Case No. 2:26-cv-00550-MIS-LF, 2026 WL 963164, at *3-8 (D.N.M. Apr. 9, 2026). Therefore, he is entitled to immediate release subject to appropriate conditions of supervision under 8 U.S.C. § 1231(a)(3).

Therefore, it is **HEREBY ORDERED** that:

1. The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;
2. Respondents are **ORDERED** to immediately release Petitioner Osvaldo Sanchez Casabona from custody/detention, subject to reasonable conditions of supervision under 8 U.S.C. §1231(a)(3);
3. Respondents shall return all of Petitioner's seized property to Petitioner;
4. Respondents **SHALL NOT** re-detain Petitioner absent (1) evidence that Petitioner has committed a crime or absconded, or (2) concrete travel plans to remove Petitioner from the United States; and
5. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE